IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | }<br>} |
| PLAINTIFF, | }<br>} |
| VS. | }   08 CR 828<br>} |
| JUAN JOHNSON, | }<br>} |
| DEFENDANT. | } |

**AGREED MOTION SEEKING TO ADVANCE AND RESET DATE FOR THE PURPOSE OF WITHDRAWING PLEA OF NOT GUILTY**

Now comes the Defendant, by his counsel, and the Government, by its counsel, and together move jointly as follows.

**Introduction**

1. As this Court is aware from the bond proceedings before Magistrate Judge Cox, Mr. Johnson worked for an organization known as CeaseFire, in the capacity as a Violence Interrupter, in which he has been strikingly successful in reducing violence between gang members in the areas where he works. That work has been documented in the media, and some of the resulting articles were attached to his proffer pursuant to 18 U.S.C. 3142(g) in support of bail motion. Said proffer is submitted herewith as Exhibit 1.

2. In the course of his work with gang members, Mr. Johnson was allegedly tape-recorded introducing one drug dealer to another. On the tape, Mr. Johnson disclaimed any right to any "finders' fee" or other personal gain, as his intention was solely to foster his relationship with the confidential informant, who had recently been instrumental in preventing a gang retaliation killing, in order to maintain the credibility to do his (successful) anti-violence work.

3. Nevertheless, the introduction of one drug dealer to another at least arguably constitutes a crime, and the Government has charged Mr. Johnson as being part of a conspiracy to sell drugs. Mr. Johnson's criminal trial is presently scheduled before this Court on March 31, 2009.

### Plaintiff's Intention

4. Following negotiations with the Government, Mr. Johnson desires to plead guilty to a reduced charge. In particular, Mr. Johnson has agreed to change his plea in exchange for the Government reducing the charges to the offense of using a phone in facilitating a narcotics transaction, (commonly known as a "phone charge"), in violation of Title 21 U.S. 8415.(1), a charge which carries the possibility of probation.

6. Without comment on the merits of the charges against him, Mr. Johnson believes such a plea to be in his best interests. This is a decision that Mr. Johnson has obviously considered very seriously.

7. The Government has authorized Plaintiff to represent to this Court that the Government believes that this plea is in the best interests of the Government.

### Plaintiff's Constraint

8. In an unrelated case, Mr. Johnson was previously wrongfully convicted of a murder he did not commit. He was ultimately exonerated, but not before he served nine years of wrongful imprisonment.

9. In Mr. Johnson's view, he has built a powerful case that his wrongful conviction was the result of misconduct by a notorious Chicago police officer, whom he has sued for redress. This civil case is Mr. Johnson's single greatest asset, and one of the most important things in his life.

10. That civil litigation has been pending since 2005. It is presently scheduled for trial before Judge Grady to begin on April 13, 2009.

11. In filing the instant Motion, Mr. Johnson has no intention of playing games with this Court. To the contrary, he is putting his cards on the table about his intention, which is to avoid having any conviction for the present charges for purpose of the upcoming civil trial.

12. Accordingly, Mr. Johnson asks the Court to permit him to defer his plea until after April. This result would be just for the following reasons.

**Justification For Deferring The Plea**

13.   First, both the Government and Mr. Johnson are in agreement that proceeding in this manner would best facilitate the plea.  Part of Mr. Johnson's incentive to cooperate with the Government was the Government's cooperation with Mr. Johnson in the timing of his plea.

14.   Not only is the proposed solution "win-win" for the Government and Mr. Johnson, but, equally important, it is not unfair to the defense in the civil case.  To the contrary, the civil trial was supposed to have been concluded by now.  It had long been scheduled to go to trial on January 20, 2009, and that result obviously would have mooted the matter of the timing of Mr. Johnson's plea in this criminal case.

15.   The civil trial was pushed back, however, at the request of the City of Chicago's counsel because its lead attorney has sons who were playing in a basketball tournament that conflicted with that trial date.  For that reason, the City's attorneys filed a motion asking Judge Grady to push back the trial, which Judge Grady did, resulting in the present trial date of April 13, 2009.  A copy of the City's motion and Judge Grady's Orders are attached hereto as Group Exhibit 2.

16.   Thus, but for the fortuity of the basketball tournament involving the opposing counsel's sons, Mr. Johnson's civil trial would already be long since over.  The fact that the civil trial was continued at the City's request should not result in an additional windfall simply because Mr. Johnson's

criminal trial happens to fall several weeks before the extended civil trial date.[1]

17. In sum, Mr. Johnson is being as candid as possible with the Court. He desires to plead guilty, but both he and the Government join in asking the Court to permit him to do so in late April or early May. Such a result would impose no prejudice on the judicial system, and Mr. Johnson respectfully requests that the Court allow him to do so.

### No Additional Delay In This Criminal Case

18. Furthermore, permitting Mr. Johnson to defer his plea could be accomplished in a way that engendered no delay in this criminal case in that sentencing could be accomplished on the same date as the plea. Specifically, Mr. Johnson proposes that a pre-trial sentencing report investigation and report be initiated today such that the Court would have information available at the time of plea, and the court would immediately proceed to sentencing on the same date as the plea.

19. Mr. Johnson intends to appear personally at the hearing on this motion in order to impress upon the Court that he intends to plead guilty, and to answer any questions the Court may have.

---

[1] Finally, although Mr. Johnson has already decided to accept a plea to the reduced charges, Mr. Johnson notes that the same set of attorneys represents Mr. Johnson in both the civil and criminal cases, and, as a practical matter, it would have be virtually impossible for them to have devoted sufficient time to prepare for these trials back to back.

WHEREFORE, Mr. Johnson respectfully requests that the Court set the matter over to late April or early May for acceptance of his guilty plea.

RESPECTFULLY SUBMITTED:

/s/ Daniel J. Stohr

Daniel J. Stohr
222 North LaSalle Street,
Suite 200
Chicago, Illinois 60601
312-726-1180

One of Defendant's Attorneys

6